IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

MARIA CATERINA ROSENFELD,                  Civ. No. 07-6209-HO
et al.,
                                           ORDER
            Plaintiffs,

    v.

JAMES HACKETT, et al.,

            Defendants.


                                 Background

    Maria Caterina Rosenfeld (Rosenfeld), pro se, alleges

discrimination, including retaliation,

    because of: Handicap, because [of] Jewish last name,
    because of a disdain for the poor, and . . . [because]
    [she] brought violations of the Linn Benton Housing
    Authority to the awareness of the public and the office
    of Fair Housing and other city, county, state, and
    federal governmental agencies[.]

Complaint at 2.

    Rosenfeld further alleges, <u>inter</u> <u>alia</u>, that defendants James

Hackett and the Linn Benton Housing Authority (collectively,

LBHA) terminated her Housing and Urban Development (HUD) voucher in retaliation for her protests that LBHA placed felons and pedophiles in housing units funded by HUD vouchers, lied to an investigator during the investigation of the complaint she filed with the Office of Fair Housing and Equal Opportunity (FHEO), denied her request for reasonable accommodation, and refused to consider her documentation of disability. Id. at 1.

Additionally, Rosenfeld alleges that defendants Jay Dixon, Annabelle Jaramillo and Linda Modrell, Benton County Commissioners (collectively, commissioners), repeatedly refused her requests to exercise oversight authority over LBHA. Id. at 2. Rosenfeld alleges that after the commissioners received a copy of her FHEO complaint, Benton County Sheriff's deputies banged on her door at night and left a phone message stating they would do so every night until she answered the door, and City of Corvallis Police officers assaulted Rosenfeld's daughter. Id. at 11.

Rosenfeld states that the acts alleged in the complaint may constitute a violation of "Sections 804b or f and 818 of Title VIII of the Civil Rights Act of 1968 as amended by the Fair [H]ousing Act of 1988." Id. at 2. She also asks that the court "determine if there were other federal acts violated in that the Housing Authority provided false and misleading information to [an investigator] and because Mr. Hackett intentionally defamed

[her] character." Id.

Rosenfeld declares under penalty of perjury that the complaint "is true and correct." Id.

A raft of motions are before the court, including defendants' motions for summary judgment and Rosenfeld's motions to amend the complaint. A reasonable trier of fact could not conclude from the evidence and pleadings that the commissioners took action against plaintiffs or failed to take required action with respect to plaintiffs. The commissioners' motion for summary judgment is granted. The court cannot conclude from the filings that all of plaintiffs' claims against LBHA are untimely, as LBHA contends. LBHA's motion for summary judgment is denied.

## Discussion

I. Miscellaneous Matters

Several motions are easily resolved. Rosenfeld's motion to substitute [#33] is granted. The court reads Rosenfeld's motion to amend [#25] as if it contains the correct version of page 21 specified in Rosenfeld's motion to substitute.

The commissioners' motion to strike [#39] is denied. As the clerk has done, the court construes Rosenfeld's "Motion in Denial" [#36] as a response to the commissioners' motion for summary judgment. The commissioners' objections as to the form of the document are overruled because Rosenfeld is pro se. The court considers the commissioners' arguments that certain

evidence is inadmissible. The parties may not use inadmissible evidence to create disputes of fact.

Rosenfeld's motion for extension of time for trial [#43] is denied as unripe. The court has not set a trial date.

Rosenfeld's motion for extension of time to provide the court and defendants with more discovery and a more complete witness list [#45] is denied. A party seeking additional discovery materials may file a motion to extend the deadline for completion of discovery.

Rosenfeld's motion requesting that all information provided in her initial claim and motion to amend be submitted "as Discovery . . . before a jury[]" [#46] is denied. The court determines what evidence may be admitted at trial at a later stage of the case.

Rosenfeld's motion requesting "disclosure of insurance companies" [#47] is denied. As discussed below, the commissioners' are entitled to summary judgment. Further, LBHA is self-insured and has no insurance company information to provide to Rosenfeld. ECF/CM [#50].

Rosenfeld's "Motion Requesting Disclosure" [#52] as to whether LBHA is a tax shelter for a group of Portland lawyers is denied. The information sought is not relevant to a claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26((b)(1).

4 - ORDER

Rosenfeld's "Motion in Denial" of LBHA's motion for summary judgment [#64] is denied. The court construes this filing as a response to LBHA's motion for summary judgment.

Rosenfeld's motion that plaintiffs' medical information be sealed from public view [#67] is denied. Rosenfeld has filed medical information, and medical information may be material to Rosenfeld's claim of disability and plaintiffs' claim of pain and suffering.

Rosenfeld's "Motion to Request Addition of an Attorney to Serve Angeline Rosenfeld's Interests" [#69] is granted to the extent that the court recognizes, as requested, that Rosenfeld cannot represent her daughter in this case. Motion [#69] at 1; see Johns v. City of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (non-lawyers, including parents and guardians, have no authority to appear as an attorney for others). Rosenfeld shall advise the court if Angelina Rosenfeld is a minor, and if the lawyer she has found for Angelina will take the case. Motion [#69] at 2, ¶ 3.

Rosenfeld's "motion to refine motion" [#70] is granted. The court reads Rosenfeld's motions to amend [##25, 34 and 63] in light of this filing.

Rosenfeld's "Motion to Request Protection for my Witnesses from Possible Retaliation" [#72] is denied. The witnesses are protected by the laws against retaliation. Rosenfeld requests no particular form of protection and provides no reason to believe

her witnesses might face retaliation.

LBHA's motion to strike [#78] is denied. As noted, however, the parties may not rely on inadmissible evidence to create disputed issues of fact. The court considers LBHA's arguments concerning the inadmissibility of Rosenfeld's evidence. Furthermore, the materials that LBHA asks be stricken (documents attached to Rosenfeld's "Motion in Denial" [#64], and paragraphs 3-19 of Rosenfeld's "Memorandum in Response to Concise Statement of Material Facts" [#65]) are not material to LBHA's summary judgment motion.

Rosenfeld's "Motion to allow more time for Discovery Conference, ADR Conference, ADR Report, and the Pretrial Scheduling Order" [#83] is granted in part and denied in part. The discovery deadline has passed. A party seeking additional discovery materials may file a motion to extend the deadline for completion of discovery and, if the party deems necessary, a motion for discovery conference. Notwithstanding the pretrial scheduling order filed October 5, 2007 (ECF/CM [#7]), no ADR conference or report is required in this case. LR 16.4(b). With the assistance of the deputy clerk, the court will order dates for lodging the pretrial order, filing trial-related documents, final pretrial conference, and trial.

II.  <u>Defendants' Motions for Summary Judgment</u>

>  The judgment sought should be rendered if the
>  pleadings, the discovery and disclosure materials on

6 - ORDER

> file, and any affidavits show that there is no genuine
> issue as to any material fact and that the movant is
> entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

    A.  County Commissioners' Motion for Summary Judgment

    The commissioners argue that Angelina Rosenfeld lacks legal capacity to sue, LBHA is an independent entity not subject to control by the commissioners, the commissioners did not discriminate against Rosenfeld because of race, color, religion, sex, familial status, national origin or handicap in violation of the Fair Housing Act (FHA), and the commissioners did not retaliate against Rosenfeld for her exercise or enjoyment of rights protected by the FHA.

    The commissioners point to no evidence establishing that Angelina Rosenfeld is a minor.

    The commissioners' evidence establishes, and Rosenfeld does not appear to dispute, that the commissioners do not control LBHA.  Affs. of Dixon, Jaramillo, Modrell, Croney.  Rosenfeld contends that the commissioners can, by vote, "gain control of county housing authority and remedy the violations of law." Response [#36] at 2.  Rosenfeld's response refers to her motion to amend, which in turn cites to Sections 456.095(3), 456.115(4) and 456.233 of the Oregon Revised Statutes.  Sections 456.095(3) 456.115(4) concern qualifications and duties of commissioners, respectively.  Section 456.233 provides, <u>inter alia</u>, that "[t]he

governing body of the city or county may, by resolution, transfer the powers and authority to act as the housing authority to itself." Or. Rev. Stat. § 456.233.  Notably, the statute does not require that the commissioners transfer the powers of the authority and act as the authority.

Rosenfeld apparently hoped that the commissioners would "gain control" of LBHA and improve the terms, conditions or privileges of rental of her dwelling or the provision of services or facilities.  Because the commissioners have no duty to accede to Rosenfeld's requests, their refusal to transfer powers of the housing authority is not actionable as discrimination by denial of a dwelling, in the rental of a dwelling, "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith[.]"  See 42 U.S.C. §§ 3604(b), (f)(1).

Rosenfeld does not point to competent evidence from which a reasonable juror could conclude that the commissioners utilized police officers and sheriff's deputies in March and April 2006 to retaliate against her for naming the commissioners in her FHEO complaint.

The commissioners are entitled to summary judgment on the allegations of the complaint.

B.  LBHA's Motion for Summary Judgment

LBHA contends that Rosenfeld's claims are barred by statutes

of limitation, Rosenfeld's claims under Oregon law are barred as a result of Rosenfeld's failure to provide the timely notice required by the Oregon Tort Claims Act (OTCA) and plaintiffs lack the legal capacity to assert claims of Angelina Rosenfeld, an unrepresented minor.

　　　　1.　Material Facts

For purposes of resolving LBHA's motion for summary judgment, the following material facts are undisputed or based on reasonable inferences drawn from the evidence viewed in the light most favorable to Rosenfeld.

Rosenfeld lived in the lower level apartment at 2601 Leonard Street, Corvallis, Oregon, from the fall of 1999 until July 25, 2004. The residence is located in the Pickford-Leonard Apartment complex. LBHA managed the Pickford-Leonard Apartments until August 31, 2002.

James Hackett, LBHA Executive Director, approved Rosenfeld's hourly rate for house-painting in the complex, and directed Rosenfeld to speak with an LBHA "lead case worker" regarding how to report house-painting income in relation to her HUD voucher.

Shortly before Christmas in 1999, Rosenfeld complained to Hackett that Pickford-Leonard resident Barry Brown was stalking Rosenfeld's daughter, Angelina.

In May 2000, Hackett mailed plaintiff a transcript of a voice message left by Qwest repair technician Michele Kahle.

Kahle phoned Hackett to urge him to seriously consider residents' complaints about Brown.

On or about September 13, 2000, Rosenfeld obtained a permanent stalking order against Brown.

Hackett placed or permitted nine felons at the Pickford-Leonard Apartments, including a "predatory pedophile."

From 1999 through 2002, Rosenfeld requested help from Hackett in dealing with her complaints and those of other mothers residing at the Pickford-Leonard Apartments.

Some time in 2000, Rosenfeld received counseling with regard to her complaints of harassment by a neighbor at Pickford-Leonard, and related emotional issues.

Harassment and criminal conduct committed by residents at Pickord-Leonard, combined with the lack of response by LBHA, caused Rosenfeld severe emotional distress diagnosed as Post Traumatic Stress Disorder (PTSD).

As a result of PTSD, Rosenfeld was unable to properly complete forms needed to continue her receipt of "Section 8" benefits.

On or about April 8, 2005, Rosenfeld filed her first administrative compliant against LBHA with the United States Department of Housing and Urban Development. She alleged disability based on PTSD. She further alleged that LBHA denied her request for reasonable accommodation by terminating her

10 - ORDER

Section 8 assistance and refusing to recognize that she did not intentionally defraud LBHA and that she filled out the Section 8 paperwork incorrectly because of her disability. Hackett Decl., ex. 14 at 3. The Seattle FHEO office closed this complaint on July 17, 2005. Rosenfeld appealed, and the matter was remanded for reinvestigation.

In her second administrative complaint dated February 3, 2006, Rosenfeld alleged that Hackett and Donna Holt-Cook lied to the person who investigated her first complaint, and that LBHA refused her August 2 and October 5, 2005 requests that LBHA consider her documentation of disability in retaliation for her filing of the first administrative complaint. Complaint Documentation #31.

Rosenfeld's administrative complaints remain pending.

Rosenfeld has experienced emotional distress since 6:00AM on Christmas, 1999, when she called Hackett for the first time and reported that the pedophile upstairs was chasing her female neighbor as the neighbor called out Rosenfeld's name for help. Angelina has threatened suicide "if we become homeless because we are unable to work and make rental payments without the voucher James Hackett terminated and refuses to reinstate."

    2. Discussion

LBHA points to no evidence or admission in support of its contention that Angelina Rosenfeld is a minor. As discussed

11 - ORDER

above, Caterina Rosenfeld cannot represent Angelina.

For argument, LBHA assumes that Rosenfeld may assert claims under 42 U.S.C. § 3613(a) and 42 U.S.C. § 1983, and the Oregon common law of defamation and intentional and negligent infliction of emotional distress.  LBHA correctly contends that all such claims are subject to a two-year period of limitations, except for the defamation claim, which is subject to a one-year period, and that the limitations period on claims under Section 3613(a) does not include the time during which an administrative proceeding is pending with respect to a complaint based upon an alleged discriminatory housing practice.[1]  42 U.S.C. § 3613(a)(1)(A),(B); <u>Cooper v. City of Ashland</u>, 871 F.2d 104, 105 (9th Cir. 1989); Or. Rev. Stat. §§ 12.110(1), 12.120(2), 30.275(9).  LBHA further assumes for argument that the tolling provision of 42 U.S.C. 3613(a)(1)(B) would apply to all Rosenfeld's claims, were they not time-barred, as LBHA contends.

LBHA argues that Rosenfeld's claims accrued no later than

---

[1] Discriminatory housing practices include the following acts: refusal to rent a dwelling to any person because of race, color, religion, sex, familial status, or national origin; discrimination in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status or national origin; discrimination in the rental of a dwelling because of a handicap; and coercion, intimidation threats, or interference in the exercise or enjoyment of, or on account of the exercise or enjoyment, or on account of aid or encouragement in the exercise or enjoyment of, any right granted or protected by Sections 3603, 3604, 3605 and 3606 of Title 42, United States Code.  42 U.S.C. §§ 3602(f), 3604(a),(b) & (f), 3617.

12 - ORDER

August 31, 2002, when LBHA ceased managing the Pickford-Leonard Apartments, more than two years prior to April 8, 2005, the date Rosenfeld filed her first administrative complaint against LBHA. LHBA admits that Rosenfeld's complaint and other submissions refer to more recent events, including conduct alleged to have occurred during the proceedings to terminate Rosenfeld's Section 8 benefits, and during the investigation of Rosenfeld's first administrative complaint. LBHA Memo. at 17-19. LBHA argues that by including the allegations of recent occurrences, Rosenfeld is seeking additional damages for the continuing effects of tortious conduct alleged to have occurred prior to August 31, 2002, and the allegations of more recent occurrences do not resurrect time-barred allegations.

Rosenfeld's administrative complaints allege discriminatory housing practices unrelated to LBHA's property management activities, including failure to provide reasonable accommodation and retaliation. The court cannot conclude under LBHA's analysis that claims based on these allegations are barred, particularly in light of LBHA's assumption that the first administrative complaint tolled all applicable limitations periods.

While the complaint alleges that Hackett defamed Rosenfeld's character, complaint at 2, 13, the court is uncertain as to whether Rosenfeld asserts a common law claim for defamation or emotional distress independent of any claim for retaliation under

13 - ORDER

Section 3613(a)(1)(A), and whether Rosenfeld bases claims on LBHA's activities as manager of the Pickford-Leonard apartments prior to August 31, 2002.  For these reasons, LBHA's motion for summary judgment, including the alternative request for partial summary judgment, is denied.  The limitations argument is reserved, as is the argument that Rosenfeld failed to provide LBHA with the notice required by the Oregon Tort Claims Act.

III.  <u>Rosenfeld's Motions Re: Amendment of the Complaint</u>

Because defendants filed answers to the complaint, leave to amend is freely given by the court when justice so requires. Fed. R. Civ. P. 15(a)(2).  Leave to amend is given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]"  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

In her motion to amend [#25], Rosenfeld apparently seeks to add a conspiracy claim against the commissioners.  She restates her belief that the commissioners asked the police and sheriff's department to violate her rights in March 2006.  She also seeks to add factual allegations that the juvenile department removed Angelina from high school two days after Rosenfeld filed this lawsuit, and that sheriff's deputies searched her residence approximately four months later.  She would allege that the

14 - ORDER

sheriff's deputies screamed at her during the search, stating that they knew of the lawsuit and knew that Rosenfeld was a liar, and that the deputies refused to provide her with a copy of the search warrant.

In her motion to amend [#34], Rosenfeld asks that her initial document be amended to include an allegation that Hackett and LBHA provided false and misleading information to a federal investigator in violation of 42 U.S.C. § 3611(c), a statute that specifies criminal penalties.

In her motion to amend [#63], Rosenfeld seeks to add claims against Hackett and LBHA for intentional and negligent infliction of emotional distress, based on the placement of felons at Pickford-Leonard beginning in 1999, termination of Rosenfeld's HUD voucher, and failure to accommodate Rosenfeld's spinal cord injury.

As noted above, Rosenfeld failed to present competent evidence from which a reasonable juror could conclude that the commissioners were responsible for actions of the police and deputy sheriffs. Nothing in these filings suggests that Rosenfeld could cure this deficiency or provide such evidence with respect to the Juvenile Department. Rosenfeld states her belief that the commissioners asked the Juvenile and Sheriff's Departments to harass Rosenfeld and her child. The allegations in Rosenfeld's filings do not reasonably permit this inference,

15 - ORDER

however.

Rosenfeld also seeks to amend the complaint to include statutory provisions and/or factual allegations allegedly constituting statutory violations. Rosenfeld need not recite statutes in a pleading. Fed. R. Civ. P. 8(a)(2). The additional statutes Rosenfeld would cite or recite do not provide Rosenfeld with any additional cause of action. The factual allegations in these filings either repeat the allegations of the complaint and accompanying documentation, or would add unnecessary detail to the complaint.

Permitting Rosenfeld to add claims for emotional distress against Hackett and LBHA would be futile. Rosenfeld may not recover for negligent infliction of emotional distress in the absence of physical injury. Lowe v. Philip Morris USA, Inc., 142 P.3d 1079, 1086 (Or. App. 2006). Rosenfeld accuses Hackett and LBHA of discrete acts. She cannot base a claim for emotional distress on acts committed prior to the two-year limitations period. Emotional distress claims based on Rosenfeld's experiences at the Pickford-Leonard apartments would be time-barred. The conduct alleged of Hackett and LBHA within the two-year limitations period is not sufficiently outrageous for Rosenfeld to state a claim for intentional infliction of emotional distress.

Rosenfeld's motions for leave to amend the complaint are

denied.

## Conclusion

Based on the foregoing, Maria Rosenfeld's motion for leave to amend [#25] is denied; the commissioners' motion for summary judgment [#26] is granted; Maria Rosenfeld's motion to substitute [#33] is granted; Maria Rosenfeld's motion for leave to amend [#34] is denied; the commissioners' motion to strike [#39] is denied; Maria Rosenfeld's motion for extension of time [#43] is denied; Maria Rosenfeld's motion for extension of time [#45] is denied; Maria Rosenfeld's motion for discovery [#46] is denied; Maria Rosenfeld's motion for disclosures [#47] is denied; Maria Rosenfeld's motion for disclosure [#52] is denied; LBHA's motion for summary judgment [#57] is denied; Maria Rosenfeld's motion to amend [#63] is denied; Maria Rosenfeld's "motion in denial" [#64] is denied; Maria Rosenfeld's motion to seal medical information [#67] is denied; Maria Rosenfeld's motion to request attorney [#69] is granted to the extent provided herein; Maria Rosenfeld's "motion to refine motion" [#70] is granted; Maria Rosenfeld' "motion for protection" [#72] is denied; LBHA's motion to strike [#78] is denied; Maria Rosenfeld's motion for extension of time [#83] is granted in part, and denied in part.  Jay Dixon, Annabelle Jaramillo and Linda Modrell are dismissed.  Within 14 days of the date of this order, Maria Rosenfeld shall file a written declaration or affidavit stating the date of birth of

17 - ORDER

Angelina Rosenfeld, and whether Angelina Rosenfeld will be represented by an attorney in this case.

    IT IS SO ORDERED.

    DATED this __22nd__ day of May, 2008.

                                                    __s/ Michael R. Hogan__
                                                  United States District Judge