IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

MARIA CATERINA ROSENFELD,                    Civ. No. 07-6209-HO
et al.,
                                             ORDER
            Plaintiffs,

    v.

JAMES HACKETT, et al.,

            Defendants.

    Plaintiff Maria Caterina Rosenfeld filed a document entitled "Emergency Motion Requesting Injunction to Force Action for Immediate Relief as Provided by the Fair Housing Act of the United States of America."  Plaintiff asks the court to "demand that the Linn-Benton Housing Authority [(LBHA)] immediately reinstate [her] [United States Department of Housing and Urban Development (HUD) Section 8 Housing Choice] voucher until all issues are resolved."  Motion (ECF/CM [#94]), ¶ 9.  Plaintiff's motion is denied because the standards for preliminary injunctive relief are not satisfied.

## Discussion

Plaintiff cites to 42 U.S.C. § 3613(c).

> [I]f the court finds that a discriminatory housing practice has occurred or is about to occur, the court . . . may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).

42 U.S.C. § 3613(c).

> To obtain a preliminary injunction, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the moving party's favor.

Community House, Inc. v. City of Boise, 490 F.3d 1041, 1047 (9th Cir. 2007).

Plaintiff swears under threat of perjury that (1) the Office of Fair Housing would have forced the restoration of her HUD voucher had LBHA executive director James Hackett and LBHA not lied to the federal investigator, (2) Hackett and LBHA chairman Howard Rhodes told plaintiff she would retain her voucher until all issues were resolved, and (3) plaintiff will lose her home and be unable to work or complete her college degree if her voucher is not immediately restored.

Plaintiff does not demonstrate a likelihood of success on the merits, or the existence of serious questions, with respect to any claim that defendants unlawfully terminated plaintiff's

2 - ORDER

housing assistance.

Defendants produced evidence that plaintiff is ineligible for housing assistance under its policies because she has not reimbursed LBHA for approximately $1,000 she received in overpayments that resulted from her failure to fully and accurately report her income.

A state agency hearings officer determined that LBHA properly terminated plaintiff's housing assistance because plaintiff failed to provide true and complete information regarding her income, and, when reporting income in 2001 and 2004, plaintiff unreasonably relied on telephonic advice allegedly received in 1999 of a $500 income-reporting threshold. Hackett Decl., ex. 3 at 7-8.  Plaintiff does not refute these findings, or the related findings that all forms and documents received by plaintiff require her to report all income received regardless of the amount, and that plaintiff acknowledged her duty to report all income in documents signed after 1999.  Id. This court lacks jurisdiction to review determinations of the hearings officer.  Hunter v. Underwood, 362 F.3d 468, 478 (9th Cir. 2004).

After plaintiff informed LBHA of her intent to formally appeal the decision of the hearings officer, LBHA agreed to continue housing assistance payments while an appeal is pending. Hackett Decl., exs. 4 and 5.  However, plaintiff declined to seek

3 - ORDER

review of the decision of the hearings officers and LBHA terminated plaintiff's housing assistance after the expiration of time to file a petition for writ of review.  LBHA did not agree to continue housing assistance payments to plaintiff during the pendency of this lawsuit.

Plaintiff alleges that LBHA discriminated against her "because of [h]andicap" and because she has a Jewish last name, and refused her request for reasonable accommodation because she filed a complaint with the Office of Fair Housing and "voiced . . . concerns over the funding, with HUD vouchers, of units lived in by . . . dangerous felons and drug dealers . . . Complaint at 2-3.  She points to no evidence that defendants terminated housing assistance because of a protected characteristic or activity, however.

Regarding the possibility of irreparable injury and balance of hardships, the court notes that plaintiff filed her motion for emergency injunctive relief more than three years after LBHA terminated her housing assistance.  As noted, plaintiff decided not to file a petition for review of the decision of the hearings
///


///


///

4 - ORDER

officer.  These facts suggests that the termination of housing assistance is not the proximate cause of any imminent risk of homelessness faced by plaintiff.

## Conclusion

Based on the foregoing, plaintiff's "Emergency Motion Requesting Injunction" [#94] is denied.

IT IS SO ORDERED.

DATED this   24   day of June, 2008.

                                            /s/ Michael R. Hogan
                                      United States District Judge