FILED'10 DEC 03 13:49USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| MARIA CATERINA ROSENFELD | ) | |
| Plaintiff, | ) | Case No. 07-6209-HO |
| v. | ) | ORDER |
| JAMES HACKETT and LINN-BENTON HOUSING AUTHORITY, | ) | |
| Defendants. | ) | |

## Introduction

The sole remaining issue for trial is plaintiff's claim for damages for alleged handicap discrimination/failure to accommodate under section 3613(a) of the Fair Housing Act as amended (FHAA). [#243].

1 - ORDER

Defendant James Hackett moves for judgment on the pleadings, contending that he should be dismissed from this action because individual employees may not be personally sued under the FHAA on claims arising from an institutional employer's alleged failure to accommodate. [#295] Defendant also moves to strike plaintiff's supplemental memorandum in opposition to defendants' motion for judgment on the pleadings. [#324].

Plaintiff Rosenfeld opposes these motions [#297; #327] and moves to: (a) stay this case contending that, Judge Hogan should "recuse himself based on bias because of intertwined interests of Sunwest investors and attorneys with those . . .in my case. . . ." [#298]; (b) "see defendant's exhibits and be able to oppose" [#299]; (c) file pages previously omitted from the Pretrial Order [#300]; (d) "add essential witnesses [#301]; (e) add an exhibit previously omitted from filing [#302]; and (f) moves for a hearing to address defendants' "pattern of false testimony" [#326]. Additionally, plaintiff filed what appears to be an additional motion to stay styled as a "Notice to the Court of Probable Need to Stay in This Case". [#331].

**A.  Defendants' Motion for Judgment on the Pleadings:**

1.  <u>Standard</u>:

After the pleadings are closed, but within such time as not to delay trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings, like

2 - ORDER

a motion to dismiss for failure to state a claim, addresses the sufficiency of a pleading. *Bylsma v. Burger King Corp.*, 2010 WL 4702296, *1. Judgment on the pleadings is appropriately granted when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir 1989). The well-plead allegations of the nonmoving party are accepted as true however the court need not accept conclusory allegations. *Id* at 1550; see also *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir 1981).

2. Discussion:

Defendants move for a judgment dismissing defendant Hackett as a matter of law. [#295]. Defendants contend that James Hackett, acting as the Executive Director of the Linn Benton Housing Authority (LBHA), cannot be held individually liable for any discriminatory act that the LBHA may have committed in failing to accommodate plaintiff's alleged disability[1]. [#295-1 - pp.3-5].

Plaintiff alleges that Mr. Hackett was personally involved with the alleged lack of accommodation that she suffered. [#297;

---

[1] Plaintiff asserts that the LBHA's discrimination impacted her ability to correctly complete her Section 8 housing paperwork.

3 - ORDER

#305]. Specifically she complains that she received bad advice[2] from the LBHA official designated by Mr. Hackett and that he lied to federal investigators, thereby preventing her from receiving the necessary accommodation to successfully appeal her housing voucher denial. [#297].

The FHAA's definition of prohibited discrimination encompasses "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). An affirmative duty is therefore placed on landlords to accommodate the needs of handicapped individuals not only with regard to the requested physical accommodations but also with administrative policies governing their rentals, even when the accommodation requires landlords to assume reasonable financial burdens. *Giebler v. M & B Assoc.*, 343 F.3d 1143, 1146-47 (9th Cir. 2003)(citing 42 U.S.C. §3604(f)(3)(A) &(C)); *U.S. v. Calif Mobile Home Park Mgm't*, 29 F.3d 1413, 1417 (1994)(holding section 3604(f)(3)(B) may require landlords to assume reasonable financial burdens in accommodating handicapped residents.

It is apparent after careful consideration of both parties'

---

[2] Plaintiff sought advice regarding how to correctly include on her HUD application, her income received for house painting for the LBHA.

4 - ORDER

briefing that while the LBHA did not ever own the Pickford-Leonard Apartment complex in which Plaintiff lived, it did manage the complex until August 31, 2002.[3] [#61]. During that time period, defendant Hackett was the Executive Director of LBHA and in that official capacity directed the policies and actions of LBHA which in turn, had an obligation to provide certain services and facilities to Plaintiff.

To make out a claim of discrimination based on failure to reasonably accommodate, a plaintiff must demonstrate that: (1) she suffers from a handicap as defined by the FHAA; (2) defendants knew or reasonably should have known of her handicap; (3) accommodation of her handicap "may be necessary" to afford her an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation. *Id.;* 42 U.S.C.§ 3604(f)(3)(B); 24 C.F.R.§ 100.204(a). Whether a requested accommodation is required under the Act is "highly fact-specific, requiring case-by-case determination." *U.S. v. Calif. Mobile Home Park Managem't Co.,* 107 F.3d 1374, 1380 (9th Cir 1994)

In this instance, plaintiff has not claimed to have made a request for accommodation directly to Mr. Hackett. Her request appears to be one made to HUD after she had moved from the

---

[3] At that time management responsibilities were turned over to the owner (Corvallis Neighborhood Housing Services, Inc. [#60; #61-p.2.

5 - ORDER

Pickford-Leonard complex and was no longer receiving benefits from any program administered by the LBHA.

While there is a lack of clear guidance from statutory language or reported case law in FHAA accommodation claims, this court will follow the well-established Ninth Circuit rule in the closely related field of disability discrimination under Title VII and the Americans with Disabilities Act (ADA), prohibiting individual capacity claims against individual defendants. *C.O. v. Portland Public Schools*, 406 F.Supp.2d 1157, 1172 (D.Or. 2005)(citing *Becker v. Oregon,* 170 F.Supp.2d 1061, 1066-67(D.Or. 2001)).

Based on the foregoing reasoning, defendants' Motion for Judgment on the Pleadings [#295] is granted.  Mr. Hackett is dismissed from this action.

B.  **Miscellaneous Motions:**

Defendants move to strike plaintiff's supplemental memorandum in opposition to defendants' motion for judgment on the pleadings.  [#324].  The court will only consider the information that is relevant and appropriate.  Defendants' motion to strike is denied. [#324].

Plaintiff Rosenfeld moves to stay this case until the Writ of Mandamus is issued.  [#298].  Plaintiff informs the court that she filed a writ with the Ninth Circuit contending that, Judge Hogan should recuse himself based on bias because of intertwined

6 - ORDER

interests of Sunwest investors and attorneys with those in her case. *Id.* Plaintiff also moves to stay the case because she is traveling to Portland to care for her elderly mother and while there will not have access to a computer and "will be with her mother constantly." [#331].

Plaintiff's previous motion to recuse Judge Hogan from this case on other grounds was denied on May 18, 2010. [#277]. Plaintiff filed a notice of appeal from that order on May 28, 2010, [#278], which was dismissed for lack of jurisdiction on June 15, 2010, [#282] and mandated on July 7, 2010. [#285]. Plaintiff then filed a motion styled as an Emergency Motion requesting Judge Aiken's consideration of the matter. [#280]. This motion was denied with a caution that further motions seeking recusal on similar grounds would be summarily denied. [#289].

Defendants oppose a stay on the grounds that, the Ninth Circuit is unlikely to grant mandamus relief to a litigant seeking disqualification of a district judge. [#307]; *In re Corregated Container Anti-Trust Litigation;* 614 F.2d 958 (5th Cir 1980)(mandamus relief is not available to a litigant who seeks disqualification of a district judge); *People ex rel. Tinkoff v. Campbell,* 212 F.2d 785 (7th Cir. 1954)(holding that mandamus is not an appropriate remedy to compel a district judge to disqualify himself for alleged personal bias and that appeal

7 - ORDER

affords petitioner an adequate remedy).

Plaintiff recently informed the court by letter that her request for a writ was denied by the Ninth Circuit. Plaintiff's motions for stay [#298, #331] are denied. Plaintiff's personal reason for a stay will be taken into consideration in setting the pretrial and trial schedule.

Plaintiff's "Motion to see Defendant's Exhibits and to be able to oppose" [#299] is denied. The court will set deadlines for exchange of trial exhibits.

Plaintiff's motion to file pages previously omitted from the Pretrial Order [#300] is denied as moot. The court will set a pretrial schedule for submission of all trial documents including a joint pretrial order.

Plaintiff's motion to "add essential witnesses" [#301], is denied. The court's scheduling order will set deadlines for plaintiff to file her updated witness list.

Plaintiff's motion to add an exhibit previously omitted from filing [#302], and Motion To Allow Amended Response [#321], are denied as moot. The motions' subject matter has been decided. Finally, plaintiff's motion for a hearing to address defendants' "pattern of false testimony" [#326], is denied. There are no motions pending that address this subject.

8 - ORDER

## Conclusion

For the foregoing reasons, defendants' Motion for Judgment on the Pleadings [#295] is granted; defendants' Motion to Strike [#324] is denied. Plaintiff's Motions for Stay [#298, #331] are denied. Plaintiff's Motion to see Defendant's Exhibits and to be able to oppose" [#299] is denied. Plaintiff's motion to file pages previously omitted from the Pretrial Order [#300] is denied as moot; plaintiff's motion to "add essential witnesses" [#301], is denied; plaintiff's motions to add an exhibit previously omitted from filing [#302],and Motion To Allow Amended Response [#321], are denied as moot. Plaintiff's motion for a hearing to address defendants' "pattern of false testimony" [#326], is denied.

IT IS SO ORDERED.

DATED this \_\_\_\_3rd\_\_\_\_ day of December, 2010

_____
United States District Judge

9 - ORDER