IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| MARIA CATERINA ROSENFELD, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07-6209-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LINN-BENTON HOUSING AUTHORITY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Introduction**

Currently before the court are plaintiff, Maria Caterina Rosenfeld's Objection to Judge Hogan's Dismissal of Case[1] [#435], and defendant Linn-Benton Housing Authority's (LBHA) Motion for Attorney Fees [#444].

---

[1]    The court construes plaintiff's motion [#435], as a Motion for Reconsideration.

1 - ORDER

## Discussion

### 1.   Plaintiff's Motion for Reconsideration:

Plaintiff asserts that Judge Hogan erred by refusing to allow her to present all her theories of LBHA's violations of federal law and thus "deprived [her] of [her] Rights under the Fourteenth Amendment to have Due Process in the courts." [#435-p.3, ¶ 5]. Plaintiff states that her belief that Judge Hogan exhibited a "bias toward Defendants and his discrimination against those with disabilities" is supported by the transcript omission of a remark she alleges opposing counsel made during the pretrial conference.   [#435-p.1, ¶ 1].

It is well established in federal case law that reconsideration is indicated in the face of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice.   *Mustafa v. Clark County Sch Distr.,* 157 F.3d 1169, 1178-79 (9th Cir 1998).

A motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision.   *Donaldson v. Liberty Mut. Ins. Co.,* 947 F. Supp. 429, 430 (D.Haw 1996).   Whether to grant the motion is within the sound discretion of the court.   *Navajo Nation v. Confederated Tribes & Bands of Yakima Indian Nation,* 331 F.3d 1041, 1046 (9th

2 - ORDER

Cir. 2003).

This case has been pending for over four years. During that time, the court patiently entertained plaintiff's voluminous pleadings, repeatedly delayed the trial at plaintiff's request and gave plaintiff every opportunity to present her entire case. Plaintiff's assertions that she was prevented from presenting her case to a jury are belied by her flat refusal to proceed on the morning of trial which left the court no alternative but to grant defendant's motion for an involuntary dismissal of plaintiff's remaining claim.

Dismissal is appropriate where it is anticipated that lesser sanctions will allow continued misconduct. See, e.g., *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. *1987); Chism v. Nat'l Heritage Life Ins. Co.,* 637 F.2d 1328,1332 (9 th Cir. 1981). After careful consideration of this matter, I deny plaintiff's motion for reconsideration and affirm dismissal of this matter. [#433].

2.   Defendant's Motion for Attorney Fees:

Defendant seeks prevailing party attorney fees and argues they are particularly appropriate " in light of plaintiff's eleventh-hour abandonment of her reasonable accommodation claim after attempting to circumvent the rulings that reduced the case to a single claim for trial." [#444-1]. Defendant did not submit a cost bill.

3 - ORDER

Plaintiff opposes the motion arguing that she brought the action "in good faith", and that her "claims had merit." [#447]. Plaintiff notes that she believes her claims were erroneously dismissed and she is appealing the dismissal. *Id.* She also states that she has extremely limited income and is proceeding *in forma pauperis.* [#447].

In discrimination cases, a defendant's request for prevailing party fees is subject to a "stringent" standard. *Hughes v. Rowe,* 449 U.S. 5, 14 (1980). The defendant must demonstrate that the plaintiff's actions were frivolous, unreasonable or without foundation. *Christiansen garment Co. V. EEOC,* 434 U.S. 412, 421 (1978). The Ninth Circuit has repeatedly instructed trial courts to consider a plaintiff's ability to pay before awarding attorney's fees in favor of a defendant in discrimination cases. *Patton v. County of Kings,* 857 F.2d 1379, 1381 (9th Cir. 1988). This standard is applied with "particular vigor" where the plaintiff is proceeding *pro se.* See e.g., 2011 WL 3606643, *2 (E.D. Cal. 2011)(citing 2009 WL 2884754 (W.D.Wash. 2009)).

It is undisputed that plaintiff brought this action with a firm belief in the validity and righteousness of her claims or that plaintiff has severely limited fiscal resources. I do not find that the "stringent" standard has been met in the instant case.

4 - ORDER

Defendant's motion for attorney fees [#444], is denied.

### Conclusion

Based on the foregoing, plaintiff's Objection to Dismissal of the Case [#435] is DENIED; defendant's Motion for Attorney Fees [#444] is DENIED.

IT IS SO ORDERED.

DATED this ___17th___ day of January, 2012.


United States District Judge

5 - ORDER